IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ANNIE R. BENNETT § | |
| § | |
| V. § | CIVIL ACTION NO. 2:05-CV-074 |
| § | |
| COMMISSIONER, SOCIAL § | |
| SECURITY ADMINISTRATION § | |

## MEMORANDUM OPINION AND ORDER

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains his proposed findings of fact and recommendation for the disposition of such action has been presented for consideration (Doc. No. 17). The Magistrate Judge recommended that Plaintiff be found disabled based on the evidence of record and granted a period of disability and disability insurance benefits commencing April 7, 1994 through December 31, 1999. Defendant has filed objections (Doc. No. 18) to the Report and Recommendation, arguing that the Magistrate Judge erred by impermissibly re-weighing the evidence and substituting his judgment for that of the Administrative Law Judge ("ALJ"). Specifically, Defendant objects to the Magistrate's finding that the ALJ's decision is not supported by substantial evidence because the ALJ did not provide specific reasons for ultimately granting no weight to the opinion of treating physician Marion Milstead, M.D., and that the ALJ did not apply the appropriate legal standards of 20 C.F.R. § 404.1527(d). Plaintiff also filed objections (Doc. No. 19); however, Plaintiff merely objects to the Magistrates Judge's conclusion that Plaintiff's disability insurance benefits should extend only "through December 31, 1999."

The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. The Defendant's objection raises no new issue not previously included in Defendant's Brief

in Support of the Commissioner's Decision and addressed by the Magistrate Judge. For example, Defendant's objections reiterate their prior arguments that Dr. Milstead's opinions are not supported by reports from Drs. Philip Osborne and David Hampton. However, the Magistrate Judge expressly dismissed these same contentions in his Report and Recommendation on the grounds that the ALJ did not mention Dr. Osborn or Dr. Hampton and did not identify any medical evidence from such doctors that was contrary to treating physician Dr. Milstead's opinions. Because the Magistrate Judge fully addressed Defendant's objections contending that the ALJ applied the appropriate legal standards to weigh the opinions of Plaintiff's treating physician, the Court finds that Defendant's objection fails to raise any error undermining the Magistrate Judge's legal conclusions.

Further, Defendant objects to the Magistrate Judge's recommendation to award benefits without further administrative proceedings. Defendant contends that Plaintiff's disability status should be resolved by the Administration, not the Court. However, this is a fourteen-year-old case which has already been remanded several times. In light of the extensive medical records that cover more than a decade of Plaintiff's medical history, and the fact that Defendant already has had three administrative hearings and three Appeals Council reviews, but has failed to apply the proper legal standards in every adjudication of Plaintiff's claim, the Court concludes that remand for further review would be "unconscionable" and a further waste of administrative resources. *See Randall v. Sullivan*, 956 F.2d 105, 109 (5th Cir. 1992). Accordingly, the Magistrate Judge was well warranted in recommending reversal and an award of benefits to fully and finally resolve this longstanding matter.

However, the Court agrees with Plaintiff's objection that her period of disability and disability benefits commencing April 7, 1994 should extend only "through December 31, 1999." As worded, the Magistrate Judge's recommendation might be viewed as terminating Plaintiff's

disability payments after December 1999. Because the Magistrate Judge made no finding that Plaintiff sustained medical improvement or regained the ability to perform substantial gainful work at any time after April 1994, Plaintiff would still be entitled to disability payments, and there should not be a termination date of December 31, 1999. Therefore, the Court hereby adopts the Report and Recommendation of the United States Magistrate Judge as the findings and conclusions of this Court, but clarifies that Plaintiff is entitled to a period of disability and disability insurance benefits commencing April 7, 1994.

Accordingly, it is **ORDERED** that the above-entitled Social Security action is **REVERSED** and **DISMISSED**.

**So ORDERED and SIGNED this 31st day of May, 2007.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**